UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION

---

HEATHER BARCLAY, NICOLE LOVERDE, and CYNTHIA BRACCIA,

                      Plaintiffs,

- versus -

DEKO LOUNGE, R3VENTURES, STING RAYS INC. d/b/a DEKO LOUNGE, STING RAYS INC. and REXINIS KOSTANTINOS, DEAN DERENZO, STEPHANI LOCIERO, "JOHN DOE" #1, "JOHN DOE" #2, "JANE DOE" #1, "JANE DOE" #2, and PARKING SOLUTIONS U.S.A., LLC d/b/a PARKING SOLUTIONS, LLC, PARKING SOLUTIONS LLC,

                      Defendants.

MEMORANDUM AND ORDER
10-cv-0190

A P P E A R A N C E S:

    KIM I. McHALE & ASSOCIATES, PC
        225 Broadway, Suite1000
        New York, NY 10007
    By:    John Naccarato
        *Attorneys for Plaintiff Heather Barclay*

    GEORGE BEER, LLP
        89-31 161 Street, Suite 307
        Jamaica, NY 11432
    By:    Beverly Benjamin-George
        *Attorneys for Plaintiff Cynthia Braccia*

    GARRY B. PILLERSDORF & ASSOCIATES, PC
        225 Broadway Suite 1000
        New York, NY 10007
    By:    Heidi Leigh Wickstrom
        *Attorneys for Plaintiff Nicole Loverde*

    CRUSER MITCHELL & NOVITZ, LLP
        175 Pinelawn Road Suite 301
        Melville, NY 11747
    By:    Rondiene Erin Novitz
        *Attorneys for Defendant Deko Lounge*

    MANNING CALIENDO & THOMSON
      8 Broad Street
      Freehold, NJ 07728
  By: Vincent P. Manning
     *Attorneys for Defendant Parking Solutions LLC*

JOHN GLEESON, United States District Judge:

  Plaintiffs seek to amend the complaint to assert new claims against defendants based on alleged violations of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) *et seq.*, and New York Executive Law § 296(2)(a). For the reasons set forth below, plaintiffs' motion is denied.

## BACKGROUND

  This case arises out of an attack that allegedly took place on September 12, 2009, at a night club owned, operated, managed, and/or maintained by the various defendants. Plaintiffs filed a complaint on January 15, 2010, alleging that they suffered personal injuries due to the defendants' negligence. *See* ECF No. 1. Defendants answered on March 2, 2010. ECF No. 3. On April 27, 2010, an initial conference was held before Magistrate Judge Andrew Carter, at which a schedule was adopted, setting October 1, 2010, as the deadline for amendment of the complaint. *See* ECF No. 4. Discovery was completed on September 27, 2012.

  In their contributions to the final pretrial order, the plaintiffs sought to insert new theories of recovery. *See* ECF No. 33, at 4 (Proposed Pretrial Order). As discussed above, throughout the discovery period the plaintiffs' claims all sounded in negligence, but the proposed pretrial order stated that plaintiffs also sought relief under federal and state anti-discrimination laws for sexual orientation discrimination. Defendants objected to the inclusion of these new causes of action and a status conference was held on November 4, 2013, at which this motion to amend the complaint was scheduled.

2

DISCUSSION

A. *Governing Law*

Federal Rule of Civil Procedure 15(a) provides that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "[I]t is within the sound discretion of the court whether to grant leave to amend," *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994), and generally "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *see also Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009). In instances such as this, where a scheduling order governs amendments to the complaint, "the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir. 2003) (quoting a previous version of Fed. R. Civ. P. 16(b)); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Whether good cause exists turns on the 'diligence of the moving party.'" *Holmes*, 568 F.3d at 335 (quoting *Grochowski*, 318 F.3d at 86).

B. *Analysis*

It is undisputed that plaintiffs' motion to amend the complaint was untimely under the scheduling order; therefore, the plaintiffs must show "good cause" to be granted leave to amend. *See Holmes*, 568 F.3d at 334-35. Plaintiffs assert that the factual basis of the civil rights claims they now wish to add to their complaint was "revealed" during the depositions of their clients. Pl. Br. 5. However, because these so-called "factual developments," *id.*, were elicited at their own depositions, presumably they were already known to the plaintiffs when the action was

3

commenced over four years ago. Plaintiffs do not explain why these claims were not included in the original complaint or added by October 1, 2010, the deadline for amendment set in Judge Carter's scheduling order.

A delay in itself does not necessarily constitute grounds for denying leave to amend. *Gause v. Suffolk Cnty.*, No. 02-cv-4600, 2007 WL 330241, at *1 (E.D.N.Y. Jan. 25, 2007). However, the delay here is great and plaintiffs do not offer any explanation for it. The long and unexplained delay suggests a lack of both diligence and good cause, and suggests that the motion be denied as untimely. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 341 (2d Cir. 2000) (refusing to find good cause to amend where the information supporting the proposed amendment was known to the plaintiff when he commenced the action); *NAS Electronics, Inc. v. Transtech Electronics PTE Ltd.*, 262 F. Supp. 2d 134, 150 (S.D.N.Y. 2003) (finding no good cause to amend where "[t]he plaintiffs had knowledge of the facts and circumstances in the case for a period of several years and could have made their motion within the specified time period."); *Berman v. Parco,* 986 F. Supp. 195, 217 (S.D.N.Y. 1997) ("[T]he Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay.").

Furthermore, allowing the plaintiffs to amend the complaint at this juncture would prejudice the defendants. "[T]he longer the period of an unexplained delay, the less [that] will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993) (citations omitted). This case is not in its infancy; discovery concluded several months ago and the parties have already drafted a pretrial order. In determining prejudice, courts consider, among other factors, whether the amendment would

4

"'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (quoting *Block*, 988 F.2d at 350).

Allowing the plaintiffs to assert new theories of recovery at this point in the case would require the parties to undertake further discovery and to either litigate a motion for summary judgment or proceed to trial on these claims.  In other words, allowing amendment would delay resolution of the dispute and force the defendants to expend significant additional resources.  As discussed above, the plaintiffs knew all of the facts relevant to their proposed new claims at the commencement of this action and they offer no justification for their failure to allege these claims in a timely fashion.  Accordingly, plaintiffs' motion to amend the complaint is denied on the additional ground that it would unduly prejudice the defendants.  *See McCarthy*, 482 F.3d at 202 (affirming district court's denial of leave to amend where "Plaintiffs sought to amend their complaint after an inordinate delay.  By that time, discovery had closed, defendants had filed for summary judgment, and nearly two years had passed since the filing of the original complaint."); *Stein v. Guardsmark, LLC*, No. 12-cv-4739, 2013 WL 3809463, at *14 (S.D.N.Y. July 23, 2013) (refusing to grant leave to amend in similar circumstances).

## CONCLUSSION

For the reasons explained above, plaintiffs' motion to amend the complaint is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: January 14, 2014
       Brooklyn, New York

5